IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BARBARA KIM MARSHALL,

          Plaintiff,

v.

PRECISION PIPELINE LLC,

          Defendant.

ORDER

13-cv-443-wmc

---

On August 14, 2014 the court held a telephonic hearing on defendant's August 6, 2014 motion to compel discovery (dkt. 31). Defendant appeared by Jennifer Ciralsky. Plaintiff did not appear; Attorney Ciralsky advised that opposing counsel reported a non-work emergency that kept her from participating.[1] The court accepted that report, but given the short time line remaining for discovery in this case and plaintiff's imminent deposition, the court proceeded with the hearing to determine if, in fact, plaintiff had provided the requested discovery as she claimed in her response (dkt. 38).

Defendant reported that notwithstanding plaintiff's report that she had fully complied with all of the defendant's discovery requests in this case, *see* dkt. 38, plaintiff had declined to answer Interrogatory 10, related Request for Production 37 and Request for Production 29. First, this court's August 6, 2014 text only order foreclosed this option: in light of plaintiff's failure timely to respond to defendant's May 27, 2014 discovery requests, the court ordered plaintiff to provide complete responses without objection. *See* dkt. 34. Second, at the court's request, defendant synopsized these three discovery requests and explained why the information sought was relevant and discoverable. The court agreed with defendant: the requested information is relevant and it is

---

[1] In her written response to defendant's motion, plaintiff's attorney proffered that personal matters have kept her away from work and she offered to detail these matters in camera. *See* dkt. 38. That won't be necessary; the court accepts counsel's word.

discoverable in this case. Perhaps there was a time when the parties could have pared this down a bit, but that time has passed. To the extent that plaintiff might deem some of the requested information to be personal, it is covered by the parties' August 7, 2014 protective order (dkt. 35). To the extent that plaintiff now claims that the requested information about her emotional distress is irrelevant and outside the scope of this lawsuit, then this may be grounds under Rule 37(b) for the presiding judge to strike plaintiff's claim of emotional distress from her complaint. That, however, is not an issue currently before the court.

Defendant reported that it has scheduled plaintiff's deposition for Friday, August 22, 2014. Because of counsel's schedule, counsel needs any additional responsive information from plaintiff by Monday, August 18, 2014. The withheld information already is overdue, in violation of this court's August 6, 2014 order and in contravention of plaintiff's representation to the court. To prevent a bad situation from getting worse, plaintiff must provide the requested information by midnight on August 18, 2014.

ORDER

It is ORDERED that defendant's motion to compel discovery, dkt. 31, is GRANTED. Not later than midnight on August 18, 2014, plaintiff must provide the information responsive to Interrogatory 10, Request for Production 37, and Request for Production 29.

Entered this 14th day of August, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge